IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL A. BACON,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER OF DISMISSAL**<br><br><br>Case No. 2:19-cv-00735-DN<br>(Criminal No. 2:14-cr-00563-DN)<br><br>District Judge David Nuffer |

Petitioner Michael A. Bacon seeks to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 asserting claims for violation of the First and Eighth Amendments of the United States Constitution; credit for time served; and abuse of discretion on the part of the sentencing judge and prosecutorial misconduct.[1] Mr. Bacon's § 2255 Motion is his second attempt to obtain relief from his sentence under § 2255.[2]

An Order to Show Cause Re: Subject Matter Jurisdiction issued requiring Mr. Bacon to show cause as to why his § 2255 Motion should be denied and dismissed for his failure to obtain prior authorization for the § 2255 Motion's filing from a panel of the Tenth Circuit Court of Appeal.[3] Mr. Bacon responded, arguing that he previously directed his trial and appellate counsel to raise his claims, but they did not, and that his claim are timely.[4]

---

[1] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (§ 2255 Motion"), docket no. 1, filed Oct. 3, 2019.

[2] *Id*.; Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("First § 2255 Motion"), ECF no. 1 in *Bacon v. United States*, case no. 2:16-cv-00724-DN ("First § 2255 Case"), filed June 27, 2016.

[3] Docket no. 4, filed Oct. 10, 2019.

[4] Objection, docket no. 5, filed Nov. 18, 2019.

Because a Tenth Circuit panel has not authorized the filing of Mr. Bacon's § 2255

Motion and the circumstances do not warrant a transfer to the Tenth Circuit for review, Mr.

Bacon's § 2255 Motion[5] is DENIED and DISMISSED without prejudice for lack of jurisdiction.

## BACKGROUND

On November 5, 2014, the government filed an Indictment[6] charging Mr. Bacon with

four counts of Bank Robbery and one count of Credit Union Robbery, all violations of 18 U.S.C.

§ 2113(a). Subsequently, the parties entered a Plea Agreement pursuant to Fed. R. Crim.

P. 11(c)(1)(C).[7] And a combined change of plea and sentencing hearing was then held on

June 29, 2015.[8]

At the June 29, 2015 hearing, and pursuant to the Plea Agreement, Mr. Bacon pleaded

guilty to two counts of Bank Robbery and one count of Credit Union Robbery, all violations of

18 U.S.C. § 2113(a).[9] However, Mr. Bacon requested that a plea supplement form not be filed on

the case's docket under seal.[10] This request was denied because it is the District of Utah's policy

to file the sealed plea supplement.[11] Based on his guilty pleas, and consistent with the parties'

stipulated term of imprisonment,[12] Mr. Bacon was sentenced to a prison term of 80 months.[13]

Mr. Bacon was also sentenced to a 60-month term of supervised release.[14]

---

[5] Docket no. 1, filed Oct. 3, 2019.

[6] Filing no. 1 in *United States v. Bacon*, 2:14-cr-00563-DN-1 (D. Utah) ("Criminal Case"), filed Nov. 5, 2014.

[7] Statement by Defendant in Advance of Plea of Guilty and Plea Agreement Pursuant to Fed. R. Crim. Proc. 11(c)(1)(C) ("Plea Agreement"), filing no. 19 in Criminal Case, filed June 29, 2015.

[8] Minute Entry for Proceedings Held Before Judge David Nuffer, filing no. 18 in Criminal Case, filed June 29, 2015.

[9] *Id.*; Plea Agreement ¶¶ 1, 12.a.

[10] Change of Plea and Sentencing Transcript at 15:20-16:2, ECF no. 5 in First § 2255 Case, filed Aug. 10, 2016.

[11] *Id*. at 16:4-17:3.

[12] Plea Agreement ¶ 12.b.

[13] Judgment in a Criminal Case at 2, filing no. 24 in Criminal Case, filed July 2, 2015.

[14] *Id*. at 3.

Nearly one year later, on June 27, 2016, Mr. Bacon filed his First § 2255 Motion arguing that his convictions and sentence should be set aside and vacated because of prosecutorial misconduct, ineffective assistance of defense counsel, and because his term of supervised release exceeds the maximum term allowed by statute.[15] Among his arguments regarding ineffective assistance of counsel, Mr. Bacon argued that counsel should not have permitted the sealed plea supplement to be filed on the docket in his Criminal Case.[16]

On June 5, 2018, a Memorandum Decision and Order issued, which denied in part and granted in part Mr. Bacon's First § 2255 Motion.[17] Mr. Bacon's prosecutorial misconduct claim was denied and dismissed with prejudice because he waived the right to seek collateral review on the ground of prosecutorial misconduct.[18] Mr. Bacon's ineffective assistance of counsel claim was denied and dismissed with prejudice because he plainly was not entitled to relief.[19] Mr. Bacon's claim regarding his term of supervised release was granted.[20] Mr. Bacon appealed the Memorandum Decision and Order,[21] but his appeal was dismissed for lack of prosecution.[22]

On November 14, 2018, Mr. Bacon was resentenced to correct the term of his supervised release.[23] At the hearing, Mr. Bacon again requested that the sealed plea supplement be stricken

---

[15] First § 2255 Motion at 4-5, 6-7, 9-16.

[16] *Id*. at 5.

[17] Memorandum Decision and Order Granting in Part and Denying in Part § 2255 Motion ("Memorandum Decision and Order"), ECF no. 52 in First § 2255 Case, filed June 5, 2018.

[18] *Id*. at 7-15.

[19] *Id*. at 15-19.

[20] *Id*. at 19-20.

[21] Notice of Appeal & Request to Circuit Judges of the 10th Cir. Court. Of Appeals for Certificate, ECF no. 54 in First § 2255 Case, filed June 20, 2018; Notice of Appeal, ECF no. 60 in First § 2255 Case, filed Aug. 13, 2018.

[22] Order, *United States v. Bacon*, appellate no. 18-4097 (Jan. 17, 2019), ECF no. 66 in First § 2255 Case, filed Jan. 22, 2019.

[23] Minute Entry for Proceedings Held Before Judge David Nuffer ("Minute Entry for Resentencing"), filing no. 101 in Criminal Case, filed Nov. 14, 2018.

from the docket in his Criminal Case.[24] The request was again denied.[25] Mr. Bacon was

resentenced to a prison term of 80 months to run concurrent with his sentences in two Utah state

court cases, and a 36-month term of supervised release.[26]

Approximately 11 months later, on October 3, 2019, Mr. Bacon initiated this case by

filing his second § 2255 Motion.[27] Mr. Bacon asserts claims for violation of the First and Eighth

Amendments of the United States Constitution, abuse of process, and prosecutorial misconduct

regarding the sealed plea supplement filed in his Criminal Case.[28] Mr. Bacon also asserts a claim

seeking credit for time served.[29] There is no indication in the record that Mr. Bacon sought or

obtained prior authorization from a panel of the Tenth Circuit Court of Appeals for the filing of

his second § 2255 Motion.

## DISCUSSION

Section 2255 provides that "[a] prisoner in custody … claiming the right to be released

upon the ground that the sentence was imposed in violation of the constitution or laws of the

United States, or that the court was without jurisdiction to impose such sentence… may move …

to vacate, set aside or correct the sentence."[30] However, "[b]efore a federal prisoner may file a

second or successive motion under § 2255, the prisoner must first obtain an order from the

appropriate court of appeals authorizing the district court to consider the motion."[31] "A district

---

[24] *Id*.

[25] *Id*.

[26] *Id*.; Amended Judgment in a Criminal Case at 2-3, filing no. 103 in Criminal Case, filed Nov. 19, 2018.

[27] Docket no. 1, filed Oct. 3, 2019.

[28] *Id*. at 4-8, 10-11.

[29] *Id*. at 8-10.

[30] 28 U.S.C. § 2255(a)

[31] *In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008) (citing 28 U.S.C. §§ 2244(b)(3)(A), 2255(h)).

court does not have jurisdiction to address the merits of a second or successive § 2255 … claim until [the appropriate court of appeals] has granted the required authorization."[32]

Because Mr. Bacon's § 2255 Motion is his second attempt to obtain relief from his sentence under § 2255, and the filing of his § 2255 Motion has not been authorized by a Tenth Circuit panel, jurisdiction to address the merits of Mr. Bacon's § 2255 Motion is lacking.

Nevertheless, 28 U.S.C. § 1631 provides that "if a district court determines that it lacks jurisdiction over a civil action, it 'shall, *if it is in the interest of justice*, transfer such action … to any other such court in which the action … could have been brought[.]'"[33] "Although § 1631 contains the word 'shall,' [the Tenth Circuit has] interpreted the phrase 'if it is in the interest of justice' to grant the district court discretion in making a decision to transfer an action or instead to dismiss the action without prejudice."[34] Therefore, before transferring a second or successive motion under § 2255 to the appropriate court of appeals for authorization, the interest of justice must be considered.[35] Factors for determining whether it is in the interest of justice to transfer a second or successive § 2255 motion include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of the filing the court lacked the requisite jurisdiction.[36]

Considering these factors, it is not in the interest of justice to transfer Mr. Bacon's § 2255 Motion to the Tenth Circuit for review. While Mr. Bacon filed his § 2255 Motion within one year of his November 2018 resentencing, his claims are not likely to have merit. Mr. Bacon's

---

[32] *Id.* at 1251.

[33] *In re Cline*, 531 F.3d at 1250 (quoting 28 U.S.C. § 1631) (emphasis in original).

[34] *Id*. (internal quotations and punctuation omitted).

[35] *Id*.

[36] *Id*.

claims relating to the sealed plea supplement are not properly the subject matter of § 2255 because they do not challenge Mr. Bacon's sentence or seek the right to be released.[37] Mr. Bacon also waived his right to seek relief under § 2255 "except on the issue of ineffective assistance of counsel."[38] And Mr. Bacon has unsuccessfully challenged the sealed plea supplement's docketing on multiple occasions,[39] including in his First § 2255 Motion.[40]

Additionally, "[i]n order to challenge the calculation of credit for time served, [a d]efendant must first exhaust all of his administrative remedies with the Bureau of Prisons before he seeks judicial review regarding the calculation of credit for time served."[41] "Once [the defendant] has done so, if [un]satisfied with the Bureau of Prisons' resolution of [the] request for sentence credit, [the defendant] may raise the issue by filing a petition under 28 U.S.C. § 2241."[42] And "such petition must be filed in the judicial district where [the d]efendant is held in custody at the time such a petition is filed."[43] There is no indication in the record that Mr. Bacon exhausted his administrative remedies, and a § 2255 motion is not the proper procedural vehicle for Mr. Bacon's claim seeking credit for time served.

Moreover, none of Mr. Bacon's claims rely on newly discovered evidence or new rule of constitutional law, which are necessary to permit the filing of a second or successive motion under § 2255.[44]

---

[37] 28 U.S.C. § 2255(a).

[38] Plea Agreement ¶ 12.e.(2).

[39] Change of Plea and Sentencing Transcript at 15:20-17:3; Minute Entry for Resentencing.

[40] First § 2255 Motion at 5; Memorandum Decision and Order at 18-19.

[41] *United States v. Chavez*, No. CR 09-3086 RB, 2011 WL 13189834, *1 (D. N.M. Jan. 11, 2011) (citing *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000)).

[42] *Id*. (citing *Montez*, 208 F.3d at 865).

[43] *Id*. (citing 28 U.S.C. § 2241(a)).

[44] 28 U.S.C. § 2255(h).

Therefore, because it is not appropriate to transfer Mr. Bacon's § 2255 Motion to the Tenth Circuit for review, the § 2255 Motion[45] is DENIED and DISMISSED for lack of jurisdiction. Because the dismissal of Mr. Bacon's § 2255 Motion is without prejudice, he may attempt to refile the § 2255 Motion in the proper forum, the Tenth Circuit Court of Appeals.[46]

## ORDER

IT IS HEREBY ORDERED that Mr. Bacon's § 2255 Motion[47] is DENIED and DISMISSED without prejudice for lack of jurisdiction.

The Clerk is directed to close the case.

Signed November 20, 2019.

BY THE COURT

David Nuffer
United States District Judge

---

[45] Docket no. 1, filed Oct. 3, 2019.

[46] 28 U.S.C. § 2255(h).

[47] Docket no. 1, filed Oct. 3, 2019.